UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY ROY CROSBY, | ) |
|           Petitioner, | ) |
| v. | ) No. 2:21-cv-00203-JRS-DLP |
| WARDEN, | ) |
|           Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Jeffrey Crosby challenges a prison disciplinary conviction for possessing alcohol under 28 U.S.C. § 2241. He claims there is insufficient evidence to support his disciplinary conviction and that his sanctions are excessive. The Court finds there is sufficient evidence because officers found alcohol in Mr. Crosby's cell; no other prisoners were assigned to the cell at the time; and Mr. Crosby knew the alcohol was there. The sanctions Mr. Crosby claims are excessive include a fine and loss of privileges, which are matters that are not cognizable on habeas review. Accordingly, the petition is **DENIED**.

**I. LEGAL STANDARD**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v.*

*Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## II. Background

Mr. Crosby is a federal prisoner at USP Terre Haute. When correctional officers randomly searched his cell, they found a three-gallon bag of homemade alcohol in his locker. No other prisoners were living in the cell at the time. Mr. Crosby knew the alcohol was there but claimed it belonged to his old cellmate. Dkt. 9-1, pp. 24, 29, 34.

Mr. Crosby was found guilty of possessing alcohol. The hearing officer relied on the officers' observations of alcohol in the cell, photographs of the alcohol, a field test that confirmed the bag contained alcohol, Mr. Crosby's admission that he knew the alcohol was there, and Mr. Crosby's extensive disciplinary history for possessing alcohol in prison. Mr. Crosby received a loss of 41 days earned credit time, 30 days of disciplinary segregation, 180 days of lost phone privileges, and a $500 fine.

## III. Discussion

Liberally construed, Mr. Crosby's habeas petition claims there is insufficient evidence that he possessed alcohol and that his sanctions were excessive.

### A. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is

much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

There is some evidence that Mr. Crosby possessed alcohol. Officers found alcohol in the locker of his cell, no other prisoners were assigned to his cell at the time, and he knew the alcohol was there. Even if an old cellmate had put the alcohol there, Mr. Crosby had sole possession of the alcohol at the time of the search. The old excuse that he was "just holding it for a friend," is unpersuasive, particularly in light of his long history of possessing alcohol in prison. *See* dkt. 9-1, pp. 43-45 (five prior disciplinary convictions for possessing alcohol or other intoxicants). Mr. Crosby's request for relief on this ground is **DENIED**.

### B.  Excessive Fines

Mr. Crosby claims that his sanctions violated his Eighth Amendment right to be free from cruel and unusual punishment. He argues that he was "subjected to excessive fines" and that his placement in disciplinary segregation for six months deprived him of "certain privileges such as more access to law library, education, religious services, $25 spending limit monthly as opposed to $360 monthly, [and] lock-down weekdays at 12:30 pm as opposed to 9 pm." Dkt. 1, p. 2.

These sanctions did not affect the fact or duration of Mr. Crosby's custody, and his objection to these sanctions is not cognizable on habeas review. *See Davenport v. Roal*, 482 F. App'x 183, 184-85 (7th Cir. 2012) (to prevail on a habeas petition under 28 U.S.C. § 2241, prisoners must show that they are "in custody" because of the alleged constitutional deprivation); *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011) (holding that "habeas corpus is not a permissible route for challenging prison conditions" that do not affect the duration of custody). Mr. Crosby's request for relief on this ground is **DENIED**.

## IV. Conclusion

The petition for a writ of habeas corpus is **DENIED**. Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/1/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEFFREY ROY CROSBY
01961-043
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov